UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTEBAN OCAMPO,<br><br>        Plaintiff,<br><br>    v.<br><br>JOSE SANCHEZ, et al.,<br><br>        Defendants. | No. 1:23-cv-01653-NODJ-EPG<br><br>ORDER TO TERMINATE FRESNO POLICE DEPARTMENT, PACO BALDERAMA, SGT. RAMON RUIZ, AND OFFICER DAVIS FROM THE DOCKET<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS ACTION BE DISMISSED, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM<br><br>(ECF No. 6)<br><br>OBJECTIONS, IF ANY, DUE WITHIN THIRTY (30) DAYS |

      Plaintiff Esteban Ocampo proceeds *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. (ECF Nos. 1, 3). Plaintiff's complaint, as amended, appears to allege that Defendant Jose Sanchez used excessive force against him in connection with Plaintiff's arrest.

      On January 25, 2024, the Court screened Plaintiff's initial complaint and concluded that Plaintiff failed to state any cognizable claims. (ECF No. 5). The Court gave Plaintiff thirty days from the date of service of the order to file an amended complaint or to notify the Court that he wanted to stand on his complaint.

      On February 15, 2024, Plaintiff filed his first amended complaint, which is now before the

1

Court on screening. (ECF No. 6). For the reasons given below, the Court will recommend that this case be dismissed with prejudice for failure to state a claim upon which relief may be granted.

## I.      SCREENING REQUIREMENT

Because Plaintiff is proceeding *in forma pauperis* (ECF No. 3), the Court screens the complaint under 28 U.S.C. § 1915(e)(2)(B)(i-iii), which directs the Court to dismiss a case at any time if the Court determines that it is frivolous or malicious, fails to state a claim, or seeks relief against an immune defendant.

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). The mere possibility of misconduct falls short of meeting this plausibility standard. *Id.* at 679. While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (citation and quotation marks omitted). Additionally, a plaintiff's legal conclusions are not accepted as true. *Iqbal*, 556 U.S. at 678.

Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (holding that *pro se* complaints should continue to be liberally construed after *Iqbal*).

## II.     COURT'S INITIAL SCREENING ORDER

Plaintiff filed his initial complaint on November 29, 2023. (ECF No. 1). Plaintiff originally sued five defendants: (1) Fresno Police Department; (2) Paco Balderama, the Fresno Police Department's Chief of Police; (3) Police Officer Jose Sanchez; (4) Sergeant Ramon Ruiz; and (5) Police Officer Davis. Generally, he alleged that on August 9, 2023, excessive force was used against him and he was harassed in connection with a traffic stop.[1]

---

[1] Plaintiff also alleged claims not at issue in his amended complaint. For example, he tried to hold

In its initial screening order, the Court explained why Plaintiff's allegations failed to state a claim and provided Plaintiff with the relevant legal standards for him to review. As to Plaintiff's excessive force claim, the Court noted that the Fourth Amendment's objective reasonableness standard applied and that a court must carefully consider the particular facts and circumstances of each case to determine whether the force used was excessive. (ECF No. 5, pp. 7-8). In applying this authority, the Court acknowledged Plaintiff's allegation that "[Defendant] Sanchez came out with 'guns drawn,'" but concluded that this allegation alone was not enough for Plaintiff to state an excessive force claim:

> Here, Plaintiff fails to allege facts that, if true, would indicate that approaching Plaintiff with a gun drawn at this traffic stop was excessive and unconstitutional. While Plaintiff indicates that he was pulled over for having no front plates and that Sanchez "came out guns drawn," he does not provide any further facts regarding the stop such as what he or Sanchez said during the stop; whether Sanchez pointed the gun at him; what Plaintiff did during the stop; whether Plaintiff had any weapon; or whether he was compliant with the instructions of officers. Accordingly, the Court cannot conclude that, even if the facts in Plaintiff's complaint are true, the Defendants used excessive force in violation of the Constitution.

(*Id.* at 8).

Despite these deficiencies, the Court gave Plaintiff leave to amend his complaint, instructing Plaintiff that any "amended complaint must allege violations under the law with the required specificity described above." (*Id.* at 11).

### III.   ALLEGATIONS IN THE AMENDED COMPLAINT

Plaintiff's amended complaint lists only two Defendants: (1) Fresno Police Officer Jose Sanchez; and (2) the City of Fresno. Because Fresno Police Department, Paco Balderama, Sgt. Ramon Ruiz, and Officer Davis are no longer listed as Defendants, the Court will direct the Clerk of Court to terminate them from the Court's docket.

Plaintiff indicates that his claim is based on the Fourteenth Amendment. The entire factual allegations in his statement of the claim are as follows:

> On 08/09/2023 at approximately 6:45pm at 2255 S Plumas Ave. next to Edison High School I was about to be shot, I ended up in jail & humiliated. Initially Jose

---

Defendants liable under various criminal statutes.

> Sanchez came out his vehicle gun drawn (regripped the pistol then with both hands on pistol pointed at me) I asked the driver officer why does this man has his gun out? Officer Sanchez was visibly livid. But why? Jose Sanchez should not be a police officer.

(ECF No. 6, p. 6) (minor alterations for readability).

The relief section in Plaintiff' complaint complains of damage to his vehicle, PTSD symptoms, and other emotional distress. Plaintiff seeks monetary damages.

### IV.     ANALYSIS OF PLAINTIFF'S COMPLAINT

#### A.     Section 1983

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. "[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)); *see also Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 618 (1979); *Hall v. City of Los Angeles*, 697 F.3d 1059, 1068 (9th Cir. 2012); *Crowley v. Nevada*, 678 F.3d 730, 734 (9th Cir. 2012); *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006).

To state a claim under § 1983, a plaintiff must allege that (1) the defendant acted under color of state law, and (2) the defendant deprived him of rights secured by the Constitution or federal law. *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *see also Marsh v. County of San Diego*, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" *Preschooler II v. Clark County Sch. Bd. of Trs.*, 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." *Preschooler II*, 479 F.3d at

1183 (quoting *Johnson*, 588 F.2d at 743). This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause." *Arnold v. Int'l Bus. Mach. Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981); *see also Harper v. City of Los Angeles*, 533 F.3d 1010, 1026 (9th Cir. 2008).

A plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. *Iqbal*, 556 U.S. at 676-77. In other words, there must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff. *See Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 691, 695 (1978).

### B. Excessive Force

#### 1. Legal standards

Because the circumstances of the complaint indicate that Plaintiff was ultimately arrested in connection with the incident where Defendant Sanchez drew his gun, the Fourth Amendment[2] provides the relevant standard for his excessive-force claim. *Graham v. Connor*, 490 U.S. 386, 394 (1989) ("Where, as here, the excessive force claim arises in the context of an arrest or investigatory stop of a free citizen, it is most properly characterized as one invoking the protections of the Fourth Amendment, which guarantees citizens the right 'to be secure in their persons . . . against unreasonable . . . seizures' of the person."); *see also Pierce v. Multnomah County, Oregon*, 76 F.3d 1032, 1042 (9th Cir. 1996) (noting that "the Fourth Amendment continues to protect an arrestee during the second custodial stage, post-arrest but pre-arraignment"). Such excessive-force claims are "properly analyzed under the Fourth Amendment's 'objective reasonableness' standard." *Graham*, 490 U.S. at 388. "Determining whether the force used to effect a particular seizure is 'reasonable' under the Fourth Amendment requires a careful balancing of the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake." *Id.* at 396 (internal quotation marks and internal citations omitted). The Supreme Court has cautioned that this reasonableness inquiry should not be approached mechanically but "its proper application

---

[2] The protections of the Fourth Amendment have been "incorporated in the Fourteenth Amendment." *Miranda v. City of Cornelius*, 429 F.3d 858, 861 (9th Cir. 2005).

requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Id.* As for the objective component of the inquiry, "the question is whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Id.* at 397.

### 2.     Allegations against Sanchez

As to Defendant Sanchez, Plaintiff alleges that Sanchez came out of his vehicle with his gun drawn and pointed it at Plaintiff. The Ninth Circuit has concluded that, in certain circumstances, pointing a gun at a suspect can constitute excessive force. *Robinson v. Solano Cnty.*, 278 F.3d 1007, 1014 (9th Cir. 2002). However, the Ninth Circuit, citing *Graham*, emphasized that the particular facts of each case were important to determining whether the use of a drawn gun constituted excessive force. *Id.* at 1013-14.

Here, despite the Court previously telling Plaintiff to sufficiently describe the circumstances of the incident in an amended complaint, Plaintiff fails to allege facts that, if true, would indicate that pointing a gun at him was excessive and unconstitutional. Notably, he does not provide any further facts regarding the incident, such as what led to it, what Sanchez said, what Plaintiff did or did not do that may have led to Sanchez pulling his gun, and whether Plaintiff was compliant with the instructions of officers. Accordingly, the Court cannot conclude, even if the facts in Plaintiff's complaint are true, that Sanchez used excessive force in violation of the Constitution.

### 3.     Allegations against the City of Fresno

The amended complaint contains no allegations against the City of Fresno, but presumably, Plaintiff seeks to hold the City liable as Defendant Sanchez's employer. A municipality may be liable for a constitutional deprivation where the plaintiff can "satisfy the requirements for municipality liability established by *Monell* and its progeny." *Mendiola-Martinez v. Arpaio,* 836 F.3d 1239, 1247 (9th Cir. 2016). Under *Monell*, an entity defendant cannot be held liable for a constitutional violation "*solely* because it employs a tortfeasor." 436 U.S. at 691 (emphasis in original). Rather, "[a] municipality may be held liable under § 1983

'when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury.'" *Burke v. County of Alameda*, 586 F.3d 725, 734 (9th Cir. 2009) (quoting *Monell*, 436 U.S. at 694). "To establish municipal liability under § 1983, a plaintiff 'must show that (1) [he] was deprived of a constitutional right; (2) the [municipality] had a policy or custom; (3) the policy or custom amounted to a deliberate indifference to her constitutional right; and (4) the policy was the moving force behind the constitutional violation.'" *Id.* (quoting *Mabe v. San Bernardino Cnty., Dep't of Pub. Soc. Servs.*, 237 F.3d 1101, 1110-11 (9th Cir. 2001)).

"In addition, a local governmental entity may be liable if it has a 'policy of inaction and such inaction amounts to a failure to protect constitutional rights.'" *Lee v. City of Los Angeles*, 250 F.3d 668, 681 (9th Cir. 2001) (quoting *Oviatt v. Pearce*, 954 F.2d 1470, 1474 (9th Cir. 1992)). To establish municipal liability for inaction amounting to deliberate indifference, a plaintiff must show that defendant "was on actual or constructive notice that its omission would likely result in a constitutional violation. Only then does the omission become the functional equivalent of a decision by [the defendant] itself to violate the Constitution." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1145 (9th Cir. 2012) (internal quotation marks and citations omitted).

Here Plaintiff's complaint contains no allegations against the City of Fresno, let alone allegations indicating that the City would be liable under the above standards. Accordingly, Plaintiff fails to state a claim against the City.

## V.     CONCLUSION, ORDER, AND RECOMMENDATIONS

Based on the forgoing, the Court will recommend that this case be dismissed with prejudice. Notably, in its initial screening order, the Court identified the same deficiencies that persist in Plaintiff's amended complaint and gave Plaintiff the opportunity to state a cognizable claim. Particularly, the Court emphasized the legal requirements regarding the need for Plaintiff to provide context around the alleged use of excessive force. However, Plaintiff's amended complaint provides even less context for his claim than his initial complaint. The Court thus concludes that further leave to amend would be futile.

Accordingly, IT IS ORDERED that the Clerk of Court shall terminate the Fresno Police

Department, Paco Balderama, Sgt. Ramon Ruiz, and Officer Davis as Defendants on the docket.

Further, IT IS RECOMMENDED as follows:

1. This action be dismissed, with prejudice, for failure to state a claim.

2. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within thirty (30) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **March 4, 2024**                                /s/ *Erica P. Grosjean*
                                                         UNITED STATES MAGISTRATE JUDGE